

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

February 20, 1948

FAGAN DICKSON
FIRST ASSISTANT

Hon. Joseph C. Ternus
County Attorney
San Patricio County
Sinton, Texas

Opinion No. V-506

Re: The necessity of let-
ting contracts based on
competitive bidding for
road work to be done by
the Commissioners'
Court itself, rather
than by a general con-
tractor.

Dear Sir:

Reference is made to your recent request for
an opinion of this Department, which reads, in part, as
follows:

"Sometime ago the County of San Patri-
cio voted a $1,500,000.00 bond issue to im-
prove and construct roads in this county.
The money is now available and the commis-
sioners expect to spend at least $750,000.00
of this money on road improvements and con-
struction done directly under their immed-
iate supervision and direction; that is to
say, it is not contemplated that the work
would be let to a contractor under bid to
do a completed job, but that the commission-
ers would, with the help of an engineer hir-
ed for that purpose, do their own road con-
struction and rebuilding. This will neces-
sitate many direct, individual expenditures
of money since they contemplate purchasing
road materials themselves, directly paying
for hauling, etc. In other words, the com-
missioners do not contemplate contracting
with anyone for an 'end item', i. e. a com-
pleted road.

"I would appreciate receiving an opin-
ion from you concerning the questions here-
inafter set forth.

"Question No. 1.   Is there any law re-
quiring the commissioners' court to let the
San Patricio County road building and im-
provement program out on contract under
competitive bids, or may the commissioners'
court build and improve the roads, doing the
job themselves? . . .

"Question No. 2.   There will be consid-
erable hauling to be done.   The commission-
ers would like to hire local men in the coun-
ty, who own trucks, to do most of the haul-
ing.   It is further contemplated to pay for
the hauling on a yardage basis.   It is fur-
ther contemplated that, if a man were to
start hauling for the county and hauled as
long as the county had work for him to do,
he would be paid a total in excess of $2,000.-
00;   however, the man would probably bill
the county by the week which amount would
probably be under $2,000.00 per week.   Does
Art. 2368a, Section 2 (or any other law), re-
quire this type of work to be let under com-
petitive bids?

"Question No. 3.   It is contemplated
that the commissioners' court would hire
from the owner a dragline, the owner fur-
nishing the operator and bearing the ex-
penses and upkeep of the dragline, to be
used in excavating road material and plac-
ing same in the dump trucks, the owner of
the dragline to be paid at the rate of so
much a yard loaded in the dump trucks.
Would Art. 2368a, Section 2 (or any other
law) require that the commissioners' court
let this type of contract out for bids?

"Question No. 4.   Assume that the
dragline owner referred to above also
furnished the road building materials,
would not Art. 1659 apply so that in that
case the contract would have to be let un-
der bids?

"The dragline owner in both instances
above would bill the county either by the
day or by the week as the work progresses;

of any nature or character upon such county or any
subdivision of such county or upon such city, without
first submitting such proposed contract to competi-
tive bids. . .

"Provided, that in case of public calamity, where it
becomes necessary to act at once to appropriate money
to relieve the necessity of the citizens, or to pre -
serve the property of such county or city, or where it
is necessary to preserve or protect the public health
of the citizens of such county or city, or in case of
unforeseen damage to public property, machinery, or
equipment, this provision shall not apply; and provided
further, that it shall not be applied to contracts for
personal or for professional services, nor to work done
by such county or city and paid for by the day, as such
work progresses."

The purpose of these provisions is to enable counties to obtain
the performance of any public work at the lowest possible cost to
taxpayers. However, the Commissioners' Court has the option of
carrying on the work itself and the provisions of Article 2368a do
not apply to any work done under the direct supervision of the
County Commissioners, and paid for by the day. Gulf Bitulithic
Company v. Nueces County (Com. App.) 11 S.W. (2d) 305; 11 Tex.
Jur. 643.

Therefore, it is our opinion that the Commissioners' Court has
authority to do this work in the same manner that they provide for
other construction on the county highway system instead of asking
for bids from private concerns.

Inasmuch as your questions 2 and 3 are so closely related, and
since the same rule of law will govern in each instance, we shall
consider both questions together.

The provisions of the above quoted Article 2368a are somewhat
different from Article 2368 (now repealed), but the same rule of
law applicable under Article 2368 may now be applied under Article
2368a. We do not believe that such contracts as presented in the
above questions are such as to require competitive bids. The
Commissioners' Court may terminate the employment in each instance
any time it desires to do so.

The case of Jackson v. Noel, 37 S.W. (2d) 787, was one in which
the Commissioners' Court of Gray County has entered into a contract
with appellant Jackson by which Jackson agreed to furnish certain
road material for public roads for a price of $3.00 per yard of
gravel and material to be paid by Gray County; further the price
agreed upon was greatly in excess of $2,000.00.

The court in passing upon the question of whether such a contract came within the provisions of Article 2368, had this to say:

"The contract made by the commissioners' court with Jackson through Cox, one of its commissioners, was for the hauling of material and for the spreading of same on the road. The record does not disclose that any contract was made with reference to the placing of such material upon any special number of yards of road, and no number of yards of gravel or caliche or other material was contracted for; hence it cannot be said that the making of the contract called for the expenditure of the sum of $2,000 or more. In other words, it was such a contract for the delivery of material that work could be stopped at any time.

"That the contract now before this court is not controlled by article 2368, R.C.S. See Gulf Bitulithic Co. v. Nueces County (Tex.Com. App.) 11 S.W. (2d) 305.

"For the reason that the evidence fails to disclose that the contract as made with Jackson necessarily amounted to the sum of $2,000, and for the reason that the commissioners' court, when having county road work done under its supervision, was not limited to such sum in the repair of the roads of the county and that they had the option as to whether such work should be submitted to competitive bidders, we reverse the judgment of the trial court, and remand the cause for another trial."

Therefore, in view of the foregoing, it is the opinion of this Department that your questions 2 and 3 should be answered in the negative.

Article 1659, V.C.S., is as follows:

"Supplies of every kind, road and bridge material, or any other material, for the use of said county, or any of its officers, departments, or institutions must be purchased on competitive bids, the contract to be awarded to the party who, in the judgment of the commissioners court, had submitted the lowest and best bid. The county auditor shall advertise for a period of two weeks in at least one daily newspaper, published and circulated in the county, for such supplies and material according to specifications, giving in detail what is needed. Such advertisements shall state where the specifications are to be found, and shall give the

time and place for receiving such bids. All such competitive bids shall be kept on file by the county auditor as a part of the records of his office, and shall be subject to inspection by any one desiring to see them. Copies of all bids received shall be furnished by the county auditor to the county judge and to the commissioners court; and when the bids received are not satisfactory to the said judge or county commissioners, the auditor shall reject said bids and readvertise for new bids. In cases of emergency, purchases not in excess of one hundred and fifty dollars may be made upon requisition to be approved by the commissioners court, without advertising for competitive bids."

In the case of East Texas Const. Co. v. Liberty County, 139 S.W. (2d) 669, the court in passing upon the question of whether gravel purchased by the county should be under competitive bids said:

"Since, on the allegations of the petition, the gravel in controversy was sold and delivered by appellant and accepted by appellee on contract without competitive bids, the contract was unauthorized by law."

See also Wyatt Metal and Boiler Works v. Fannin County, 111 S.W. (2d) 787.

Therefore, in view of the foregoing, it is our opinion that road building materials purchased by the county, must be submitted under competitive bids.

In compliance with your request, we are enclosing the following opinions: V-285, O-6369, O-6506, and O-2955.

## SUMMARY

1. The Commissioners' Court is not required to let a contract under competitive bids to build county roads, but may supervise the building of the same itself. Art. V, Sec. 18, Art. XI, Sec. 2, Art. XVI, Sec 24, State Constitution; Art. 2351, V.C.S.; Gulf Bitulithic Co. v. Nueces Co. (Com. App.) 11 S.W. (2d) 305.

2. In the construction of county roads, the Commissioners' Court may employ persons to haul gravel and material, and pay them on a per yard basis, without requiring competitive bids. Jackson v. Noel, 37 S.W. (2d) 787.

3. Road building material purchased by the county must be submitted under competitive bids. Art. 1659, V.C.S.; East Texas Const. Co. v. Liberty County, 139 S.W. (2d) 669.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

s/ Bruce Allen

By
    Bruce Allen
    Assistant

APPROVED:

s/ Fagan Dickson

FIRST ASSISTANT
ATTORNEY GENERAL

BA:mw/cge